The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ASTLEY,

    Plaintiff,

v.

THE BOEING COMPANY, *et al.*,

    Defendants.

No. 2:17-cv-592-MJP

**STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER**

**AND**

**PROPOSED PROTECTIVE ORDER**

**Noting Date: December 5, 2017**

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER (17-cv-592-MJP)- 1

produced or otherwise exchanged: financial information, confidential Boeing policies and procedures, personnel information concerning individuals not party to this action, documents concerning proprietary information and technology, and other similar documents (as applicable) , as well as Plaintiff's medical records and other protected health information (as applicable).

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) a party, the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which includes each such person's clerical and support staff;

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)    witnesses or potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    (h)    the videographer who videotapes Confidential Information at a deposition in this litigation;

    (i)    any mediator or discovery referee in this litigation, and employees and personnel of said mediator or discovery referee;

    (j)    any other individuals agreed to in writing by the designating party.

4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        (b)    Testimony given in deposition or in other pretrial proceedings: the parties

and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other

affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

(b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return or sequester all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information in accordance with FRCP 26(b)(5)(B). The receiving party may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

Each party's counsel may maintain the complete client file for up to six years as recommended by the WSBA Guide to Best Practices for Client File Retention and Management.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Dated: December 5, 2017

OWEN LAW GROUP PLLC

By: s/ Vanessa M. Vanderbrug (w/ permission)
Vanessa M. Vanderbrug, WSBA No. 31688
James M. Owen, Jr., WSBA No. 29247
*Attorneys for Plaintiff* Ryan Astley

Dated: December 5, 2017

FOX ROTHSCHILD LLP

By: s/ Laurence A. Shapero
Laurence A. Shapero, WSBA No. 31301
*Attorneys for Defendant* The Boeing Company

Dated: December 5, 2017

MORGAN, LEWIS & BOCKIUS, LLP

By: s/ Matthew J. Sharbaugh
Matthew J. Sharbaugh (*pro hac vice*)
Melinda S. Riechert (*pro hac vice*)
*Attorneys for Defendant* The Boeing Company

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 6, 2017

_____
Marsha J. Pechman
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [insert date] in the case *Ryan Astley v. The Boeing Company*, No. 2:17-cv-592-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that a true and correct copy of the foregoing document was filed with the |
| 3 | Court's CM/ECF system on December 5, 2017, which will provide notification to the following |
| 4 | counsel of record: |

Vanessa M. Vanderbrug, WSBA No. 31688
James M. Owen, Jr., WSBA No. 29247
OWEN LAW GROUP PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
Phone: 206-467-1400
Fax: 299-9328
Email Vanessa@OwenLawGroup.com
      James@OwenLawGroup.com

*Attorneys for Plaintiff*

                                   By:   s/ Matthew J. Sharbaugh
                                   Matthew J. Sharbaugh (*pro hac vice*)

DB2/ 32272569